(Of the sixth circuit, sitting in Hamilton county.)

HENRY J. ESMAN ET AL. V. ELIZABETH ESMAN ET AL.

1. WILL CONVEYING PROPERTY AND INCOME FOR LIFE ONLY.

A will bequeathing to testator's widow, in lieu of dower, "all property, real as well as personal, during her natural life," and providing that "all of the property hereby devised and bequeathed to her as aforesaid, or so much thereof as remains unexpended, to go to my children in the manner and form hereinafter provided" conveys to the widow the real and personal estate, together with the income thereof, for life only, with the right to expend and consume so much thereof as might be needful for her support.

2. REAL ESTATE AND INCOME A TRUST FUND.

The real estate and the income derived therefrom, become, under such will, a trust property and fund in the hands of the widow, and any property for which it was exchanged, or property purchased with such funds, is impressed with the same trust.

3. PURCHASER WITH KNOWLEDGE OF TRUST.

One having knowledge of the derivation of property purchased with such funds, or one not an innocent purchaser for value, holds the same subject to the rights of the *cestuis que trust*, the devisees of testator other than the widow.

ERROR to the Court of Common Pleas of Hamilton county.

The will of Adolph Joseph Esman provided, in item second, as follows: "I give, devise and bequeath to my beloved wife, Elizabeth Esman, in lieu of her dower, all my property, real as well as personal, during her natural life. All of the property hereby devised and bequeathed to her aforesaid, or so much thereof as then remains unexpended, to go to my children, in the manner and form hereinafter provided."

Real estate valued at $15,000 was thus devised, and in the present suit a construction of the above clause of the will was asked, certain real estate having been purchased by the testator's widow during her life time from rents and profits from the property above devised.

PARKER, J.

The judgment of the court below sustaining the demurrer to the petition, dismissing the petition and adjudging the costs against the plaintiff, is reversed.

We are of the opinion that the will in question devised and bequeathed the real and personal estate of the testator, together with the income thereof, to his widow for life only, with the right to expend and consume so much thereof as might be needful for her support; any part thereof remaining unexpended and unconsumed to go to the children of testator in the proportions provided in the will. That such real estate and the income derived therefrom became trust property and funds in the hands of the widow, and any property for which it was exchanged, or purchased with such funds, was impressed with the same trust, and one having knowledge of its derivation, or not being an innocent purchaser for value, would hold it subject to the rights of the *cestuis que trust*, i. e., the devisees of the testator other than the widow.

We hold, therefore, that the petition stated a good cause of action *Foraker, Outcalt, Granger & Prior*, for the plaintiffs.

*D. F. Cash*, contra.